Kevin P. BURKE, Petitioner–Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.

No. 02–72855.
Tax Ct. No. 13410–00.

United States Court of Appeals,
Ninth Circuit.

Submitted May 12, 2003.*

Decided May 21, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before PREGERSON, REINHARDT,
and GRABER, Circuit Judges.

MEMORANDUM**

Kevin P. Burke appeals pro se the tax court's judgment dismissing his action seeking redetermination of federal income taxes for the years 1993–1997 and the court's order denying his motion to vacate the judgment. We have jurisdiction pursuant to 26 U.S.C. § 7482(a). We review for abuse of discretion the tax court's dismissal for failure to prosecute, *Noli v. Commissioner,* 860 F.2d 1521, 1527 (9th Cir.1988), and denial of a motion to vacate, *Thomas v. Lewis,* 945 F.2d 1119, 1123 (9th Cir.1991). We affirm.

The tax court did not abuse its discretion by dismissing Burke's action for failure to prosecute and for failure to comply with a court order, because Burke produced neither documentation nor testimony to support his petition and Burke failed to timely respond to the tax court's order to show cause why the Commissioner's proposed facts should not be deemed stipulated. *See Larsen v. Commissioner,* 765 F.2d 939, 941 (9th Cir.1985) (affirming tax court's dismissal for failure to prosecute because taxpayer refused to stipulate as required by Rule 91).

Contrary to Burke's contention, the tax court properly granted the Commissioner's motion for leave to amend because the amended answer did not introduce new matter. Therefore, burden of proof to rebut the presumption of correctness remained with Burke. *See Abatti v. Com-*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*missioner,* 644 F.2d 1385, 1389–90 (9th Cir.1981).

In addition, the Commissioner did not err by sending tax deficiency notices to both Burke and Independent Business Machine Service ("IBMS") LLC. *See Clapp v. Commissioner,* 875 F.2d 1396, 1400–01 (9th Cir.1989) (upholding the Commissioner's decision to send notices to determine tax deficiency to both individual taxpayers and to trusts in which they had an interest). For the same reason, the tax court did not abuse its discretion by denying Burke's motion in limine, seeking to prevent the Commissioner from relying on the tax returns and bank records of the IBMS entities.

Burke's general invocation of the Fifth Amendment cannot shield him from discovery. *See Edelson v. Commissioner,* 829 F.2d 828, 832 (9th Cir.1987).

Contrary to Burke's contention, the tax court properly exercised jurisdiction over this petition because the court has jurisdiction to determine tax deficiencies and the Commissioner may for tax purposes disregard the existence of entities such as trusts in determining an individual taxpayer's deficiencies. *See Zmuda v. Commissioner,* 731 F.2d 1417, 1420–21 (9th Cir. 1984).

Burke's contention that the IBMS entities are indispensable parties lacks merit because tax deficiency assessments are personal to the taxpayer and neither the Internal Revenue Code nor decisions of this court authorize third parties to contest the merits of a tax assessment. *See Al–Kim, Inc. v. United States,* 650 F.2d 944, 947 (9th Cir.1979).

Finally, the tax court did not abuse its discretion by denying Burke's recusal motion. *See Nobles v. Commissioner,* 105 F.3d 436, 438 (9th Cir.1997).

Insofar as Burke contends that the tax court abused its discretion by denying his motion to vacate, we reject this contention. *See Thomas,* 945 F.2d at 1123–24.

**AFFIRMED.**