124 T.C. No. 11

UNITED STATES TAX COURT

KEVIN P. BURKE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17684-03L.                    Filed April 12, 2005.

R issued to P statutory notices of deficiency for
1993, 1994, 1995, 1996, and 1997.  P filed with the
Court a petition for redetermination at docket No.
13410-00.  By Order and Order of Dismissal and Decision
entered Apr. 10, 2002, the Court dismissed the case on
the ground P failed properly to prosecute the case.  In
addition, the Court imposed a penalty on P pursuant to
sec. 6673(a), I.R.C.  The Court's Decision was affirmed
on appeal and became final.

R issued to P a Final Notice of Intent to Levy and
Notice of Your Right to Hearing and a Notice of Federal
Tax Lien Filing and Your Right to a Hearing with regard
to his unpaid taxes for 1993 to 1997.  P submitted to R
a request for an administrative hearing, and R
subsequently issued to P a Notice of Determination
Concerning Collection Action(s).  P filed with the
Court a Petition for Lien or Levy Action Under Section
6320 and/or 6330.

P's case was called for trial. R subsequently filed a Motion to Permit Levy pursuant to sec. 6330(e)(2), I.R.C.

Held: P's challenges to R's notice of determination are frivolous and groundless. R's notice of determination is sustained.

Held, further, P is barred from challenging the existence or amount of the underlying tax liabilities for the years in issue, and R has shown good cause for lifting the suspension of the levy. R's Motion to Permit Levy is granted.

Held, further, a penalty under sec. 6673, I.R.C., is due from P and is awarded to the United States in the amount of $2,500.


Kevin P. Burke, pro se.

Robin M. Ferguson and Stephen S. Ash, for respondent.


WHERRY, Judge: Petitioner invoked the Court's jurisdiction under sections 6320 and 6330 in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 regarding his unpaid Federal income taxes for 1993, 1994, 1995, 1996, and 1997.[1] Respondent's Office of Appeals (Appeals Office) determined that it was appropriate to file a Federal tax lien against petitioner and that petitioner's unpaid taxes should be collected by levy.

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended. Rule references are to the Tax Court Rules of Practice and Procedure.

This case was submitted to the Court following a trial. Thereafter, respondent filed a Motion to Permit Levy pursuant to section 6330(e)(2).

As discussed in detail below, we shall sustain the notice of determination upon which this case is based. In addition, respondent has shown good cause for lifting the suspension of the proposed levy, and we shall grant respondent's Motion to Permit Levy, and shall impose a penalty under section 6673.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The parties' stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Phoenix, Arizona.

On September 27, 2000, respondent issued to petitioner notices of deficiency for 1993, 1994, 1995, 1996, and 1997. Petitioner filed with the Court a timely petition for redetermination at docket No. 13410-00. On April 10, 2002, the Court entered an Order and Order of Dismissal and Decision at docket No. 13410-00, denying petitioner's motion to dismiss,[2] dismissing the case on the ground that petitioner failed properly to prosecute, sustaining the income tax deficiencies and

---

[2] The Court rejected petitioner's argument that the notices of deficiency were invalid because they were issued before the Commissioner complied with the requirements of the partnership provisions set forth in secs. 6221 to 6234.

additions to tax that respondent determined in the notices of deficiency, and imposing a penalty on petitioner pursuant to section 6673.[3]  The Court's decision was affirmed on appeal without published opinion and is now final.  See <u>Burke v. Commissioner</u>, 65 Fed. Appx. 170 (9th Cir. 2003).[4]

On October 7, 2002, respondent entered assessments against petitioner for the income taxes, additions to tax, and penalty under section 6673(a) as set forth in the Court's decision at docket No. 13410-00, as well as statutory interest.  On October 7, 2002, respondent issued to petitioner notices of balance due for the years 1993 to 1997.  Petitioner failed to remit to respondent the amounts due.

On March 6, 2003, respondent issued to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing requesting that petitioner pay his outstanding income taxes for the years 1993 to 1997.  On or about March 7, 2003, respondent

---

[3]  The Court's Order and Order of Dismissal and Decision entered Apr. 10, 2002, stated in pertinent part:

> Petitioner failed to comply with the Court's Rules and Orders concerning stipulation.  He has neither identified nor proven any deductions to which he might be entitled.  He has not shown in any way that respondent's determination is erroneous, and he has presented only frivolous long-discredited arguments to the Court.  He has not properly prosecuted this case, and dismissal is appropriate.

[4]  Petitioner did not file an appeal bond, see sec. 7485, and, therefore, respondent was free to proceed with assessment and collection for the years in issue.

filed with the County Recorder, Maricopa County, Arizona, a Notice of Federal Tax Lien regarding petitioner's unpaid income taxes for 1993 to 1997. On March 13, 2003, respondent issued to petitioner a Notice of Federal Tax Lien Filing and Notice of Your Right to Hearing for the years 1993 to 1997. On April 4, 2003, petitioner submitted to respondent a Form 12153, Request for Collection Due Process Hearing, challenging the validity of the assessments for the years in issue.

On August 20, 2003, petitioner appeared at respondent's Appeals Office for an administrative hearing under sections 6320 and 6330. However, the hearing was aborted when the Appeals officer informed petitioner that he would not be permitted to make an audio recording of the hearing.

On September 9, 2003, the Appeals Office issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the filing of the tax lien and determining that it was appropriate to proceed with the proposed levy. The Appeals Office concluded that petitioner had previously challenged respondent's notices of deficiency for 1993 to 1997 in the Tax Court, and, therefore, he was barred from challenging the existence or amount of those tax liabilities pursuant to section 6330(c)(2)(B). The Appeals officer verified that all administrative and legal procedures

governing the assessment and collection of petitioner's outstanding tax liabilities for 1993 to 1997 were met.

Petitioner filed with the Court a timely Petition for Lien and Levy Action. Citing Keene v. Commissioner, 121 T.C. 8 (2003), petitioner argued that respondent abused his discretion in issuing a notice of determination without permitting petitioner to make an audio recording of the administrative hearing.

After filing an answer to the petition, respondent filed a Motion for Summary Judgment and to Impose a Penalty Under I.R.C. §6673. Citing Kemper v. Commissioner, T.C. Memo. 2003-195, respondent asserted that petitioner's arguments were frivolous and groundless, and, therefore, it was harmless error to deny petitioner the opportunity to make an audio recording of the administrative hearing. Although the Court denied respondent's motion, the Court cautioned petitioner that if he persisted in making frivolous and groundless arguments the Court would consider imposing a penalty on petitioner under section 6673.

This case was called for trial in Phoenix, Arizona. At the start of the trial, the Court reminded petitioner of the Court's earlier admonishment that he should abandon all frivolous arguments. Contrary to the Court's warning, petitioner continued to assert during the trial that the notices of deficiency that the Court sustained in the deficiency case at docket No. 13410-00

were invalid and that proper assessments were not entered for several of the years in issue. During the trial, and over petitioner's objection, the Court allowed respondent to offer into evidence Forms 4340, Certificate of Assessments, Payments and Other Specified Matters, regarding petitioner's account for the years 1993 to 1997. Following the trial, on March 11, 2005, respondent's Motion to Permit Levy was filed with the Court.

OPINION

I. Collection Actions

A. Lien and Levy

Sections 6320 (pertaining to Federal tax liens) and 6330 (pertaining to levies) establish procedures for administrative and judicial review of certain collection actions. As an initial matter, the Commissioner is required to provide a taxpayer with written notice that a Federal tax lien has been filed and/or that the Commissioner intends to levy; the Commissioner is also required to explain to the taxpayer that such collection actions may be challenged on various grounds at an administrative hearing. See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(c)(1) imposes on the Appeals Office an obligation to obtain verification that "the requirements of any applicable law or administrative procedure have been met." Section 6330(c)(2) prescribes the matters that a person may raise

at an administrative hearing.  Section 6330(c)(2)(A) provides that a person may raise issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection.  See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra.  In addition, section 6330(c)(2)(B) establishes the circumstances under which a person may challenge the existence or amount of his or her underlying tax liability.  Section 6330(c)(2)(B) provides:

> (2).  Issues at hearing.--
>
> *     *     *     *     *     *     *
>
> (B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

When the Appeals Office issues a Notice Of Determination Concerning Collection Action(s) to a taxpayer following an administrative hearing, section 6330(d)(1) provides that the taxpayer has 30 days following the issuance of such notice to file a petition for review with the Tax Court or, if the Tax Court does not have jurisdiction over the underlying tax liability, with a Federal District Court.  See Offiler v. Commissioner, 114 T.C. 492, 497-498 (2000).  The procedure established under section 6330(d)(1) is made applicable to a

proceeding regarding a Federal tax lien by way of the cross-reference contained in section 6320(c).

Petitioner's conduct in his earlier deficiency case at docket No. 13410-00, coupled with his actions in this proceeding, clearly demonstrates that petitioner exploited the collection review procedures primarily for the purpose of delay. As discussed below, petitioner's arguments have absolutely no merit. Moreover, petitioner ignored the opportunity that the Court extended to him at trial to assert a legitimate claim for relief.[5]

As previously mentioned, petitioner asserted that the notices of deficiency that respondent issued to him for 1993 to 1997 are invalid. This precise issue was previously considered and rejected by the Court when the Court denied petitioner's motion to dismiss filed at docket No. 13410-00. The Court's Order and Order of Dismissal and Decision entered at docket No. 13410-00 was affirmed on appeal and is now final. Sec. 7481. It follows that petitioner is barred from challenging either the validity of the notices of deficiency or the existence or amount

---

[5] Under the circumstances, petitioner has given us no reason to believe that remanding this matter to respondent's Appeals Office would be productive or otherwise advance the policies underlying secs. 6320 and/or 6330. Consistent with our reasoning in Keene v. Commissioner, 121 T.C. 8, 19-20 (2003), and in Kemper v. Commissioner, T.C. Memo. 2003-195, we conclude that a remand is unwarranted.

of his underlying tax liabilities for 1993 to 1997 in this proceeding.  See sec. 6330(c)(2)(B).

In addition, contrary to petitioner's position, the Forms 4340 offered into evidence at trial show that respondent (1) properly assessed the tax liabilities that respondent intends to collect from petitioner, and (2) properly notified petitioner of those assessments by way of notices of balance due.  See, e.g., Hughes v. United States, 953 F.2d 531, 535-536 (9th Cir. 1992).

Numerous cases establish that no particular form of verification of an assessment is required, that no particular document need be provided to a taxpayer at an administrative hearing conducted under section 6330, and that a Form 4340 (such as that included in this record) and other transcripts of account satisfy the verification requirements of section 6330(c)(1).  See Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002), affd. 329 F.3d 1224 (11th Cir. 2003); Nestor v. Commissioner, 118 T.C. 162, 166 (2002); Lunsford v. Commissioner, 117 T.C. 183 (2001).

Petitioner has not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessments or the information contained in the Forms 4340.  Moreover, petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative

means of collection. These issues are now deemed conceded. Rule
331(b)(4).

The record reflects that the Appeals Office properly
verified that all applicable laws and administrative procedures
governing the assessment and collection of petitioner's tax
liabilities were met. Accordingly, we hold that the Appeals
Office did not abuse its discretion in determining to proceed
with collection against petitioner.

B. Levy Upon Appeal

We turn now to respondent's Motion to Permit Levy. Section
6330(e) provides in pertinent part:

> SEC. 6330(e). Suspension of Collections and
> Statute of Limitations.--
>
> (1) In general.--Except as provided in
> paragraph (2), if a hearing is requested under
> subsection (a)(3)(B), the levy actions which are
> the subject of the requested hearing and the
> running of any period of limitations  * * * shall
> be suspended for the period during which such
> hearing, and appeals therein, are pending. In no
> event shall any such period expire before the 90th
> day after the day on which there is a final
> determination in such hearing. Notwithstanding
> the provisions of section 7421(a), the beginning
> of a levy or proceeding during the time the
> suspension under this paragraph is in force may be
> enjoined by a proceeding in the proper court,
> including the Tax Court. The Tax Court shall have
> no jurisdiction under this paragraph to enjoin any
> action or proceeding unless a timely appeal has
> been filed under subsection (d)(1) and then only
> in respect of the unpaid tax or proposed levy to
> which the determination being appealed relates.
>
> (2) Levy upon appeal.--Paragraph (1) shall
> not apply to a levy action while an appeal is

pending if the underlying tax liability is not at issue in the appeal and the court determines that the Secretary has shown good cause not to suspend the levy.

In sum, section 6330(e)(1) sets forth the general rule that respondent may not proceed with collection by levy if an administrative hearing is timely requested under section 6330(a)(3)(B) and while any appeals from such administrative hearing are pending.[6]  The Court is vested with jurisdiction to enjoin an improper collection action so long as a timely petition has been filed with the Court and then only in respect of the proposed levy that is the subject of such petition.  Section 6330(e)(2) provides an exception to the suspension of the levy imposed under subsection (e)(1) if the person's underlying tax liability is not at issue in the appeal and the Court determines that good cause is shown not to suspend the levy.[7]

We further observe that, in the absence of any other limiting language, the "court" referred to in section 6330(e)(2) is best read as a reference to the court to which a collection

---

[6] See sec. 301-6330-1(g)(2), Q&A-G1, Proced. & Admin. Regs. ("The suspension period continues until * * * the Notice of Determination resulting from the CDP hearing becomes final upon either the expiration of the time for seeking judicial review or upon exhaustion of any right to appeals following judicial review.").

[7]  Much like the statute, the legislative history of section 6330 simply states that "Levies will not be suspended during the appeal if the Secretary shows good cause why the levy should be allowed to proceed."  H. Conf. Rept. 105-599, at 266 (1998), 1998-3 C.B. 747, 1020.

review determination is appealed under section 6330(d); i.e, the Tax Court or Federal District Court.  Consistent with the foregoing, the Tax Court has jurisdiction to entertain respondent's Motion to Permit Levy.

As previously discussed, petitioner is barred under section 6330(c)(2)(B) from challenging the existence or amount of his underlying tax liabilities for 1993 to 1997 in this proceeding. See Goza v. Commissioner, 114 T.C. 176 (2000).  Accordingly, the first element that respondent must establish to obtain relief under section 6330(e)(2) is satisfied.  The question that remains is whether respondent has shown good cause why the levy should no longer be suspended.

Section 6330 does not include a definition of the term "good cause".  Giving due consideration to the public policies underlying section 6330, we believe that respondent may show good cause that a levy should not be suspended where, as here, the taxpayer has used the collection review procedure to espouse frivolous and groundless arguments and otherwise needlessly delay collection.

Petitioner is no stranger to the Court.  As outlined above, he abused the Court's procedures in the deficiency case at docket No. 13410-00, and he has exploited the collection review procedure primarily to delay collection.  To permit any further

delay in the collection process would be unconscionable. Accordingly, we shall grant respondent's Motion to Permit Levy.

## II.  Section 6673 Penalty

Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.  We warned taxpayers in Pierson v. Commissioner, 115 T.C. 576, 581 (2000), that abusing the procedural protections afforded by sections 6320 and 6330 by pursuing frivolous lien or levy actions for purposes of delaying the tax payment process would result in sanctions under section 6673 when that section was applicable.  We have since repeatedly warned taxpayers regarding section 6673, as we did petitioner here, and have repeatedly disposed of cases premised on arguments akin to those raised here summarily and with imposition of the section 6673 penalty.  See Craig v. Commissioner, 119 T.C. 252, 265 (2002).

Petitioner was previously penalized for his frivolous arguments and delay perpetrated on the Court in connection with docket No. 13410-00 concerning his tax liability for the tax years 1993 through 1997.  Although in this action petitioner was polite and eliminated several frivolous issues at trial, he nevertheless wasted judicial resources on other frivolous

arguments at the proceedings and in his brief.  It is inappropriate that taxpayers who promptly pay their taxes should have the cost of Government and tax collection improperly increased by citizens apparently unwilling to obey the law or shoulder their assigned share of the Government cost.

This Court's order of October 4, 2004, explicitly addressed petitioner's substantive arguments, stating:

> As respondent correctly notes in the motion for summary judgment, issues raised by petitioner during the administrative process, i.e., in his request for a collection due process hearing, have been repeatedly rejected by this and other courts or are refuted by the documentary record.  Moreover the Court observes that maintenance of similar arguments has served as grounds for imposition of penalties under section 6673.

At the time of that order, the Court declined to grant summary judgment or impose a section 6673 penalty because respondent had denied petitioner the right to record the administrative hearing, see Keene v. Commissioner, 121 T.C. 8 (2003), and as a result no face-to-face administrative conference ever occurred.  Thus, the Court afforded petitioner a trial and at it an opportunity to raise any legitimate permitted issues, but none were raised, and the previously addressed frivolous issues were perpetuated.  Hence, the Court concludes a section 6673 penalty of $2,500 shall be awarded to the United States in this case.

To reflect the foregoing,

An order and decision will
be entered granting respondent's
Motion to Permit Levy, and a decision
will be entered for respondent
including the imposition of a penalty
under section 6673.