T.C. Summary Opinion 2007-123


UNITED STATES TAX COURT


RICHARD ALLAN AND CORINNE LUCILLE BALSER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19611-05S.              Filed July 19, 2007.


<u>John S. Kutscher</u>, for petitioners.

<u>Catherine L. Campbell</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code of 1986 as amended (Code).  Pursuant to section
7463(b), the decision to be entered is not reviewable by any
other court, and this opinion shall not be treated as precedent
for any other case.

The petition was filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6330 (notice of determination).  Pursuant to section 6330(d), petitioners seek review of respondent's notice of intent to levy relating to their tax liabilities for 1992, 1993, and 1996.[1]

## Background

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference.  At the time the petition was filed, petitioners resided in Lynnwood, Washington.

Petitioners jointly filed for 1992, 1993, and 1996 Forms 1040, U.S. Individual Income Tax Return.  Because petitioners self-assessed their taxes for all years in issue, no statutory notice of deficiency was issued.

During the years at issue, petitioner Richard Balser (Mr. Balser) and petitioner Corinne Balser (Mrs. Balser) were the sole owners of Homewood Development, Inc. (HDI).  HDI was in the business of developing residential projects.

---

[1]Petitioners also sought the review of a Notice of Determination Concerning Collection Action(s) Under Section 6330 issued to Mr. Balser regarding a civil penalty under sec. 6672 for the third quarter of 1996.  The Court's jurisdiction to review the Commissioner's determination regarding a collection matter is limited to cases where the underlying tax liability is of the type over which the Court normally has jurisdiction.  See Moore v. Commissioner, 114 T.C. 171, 175 (2000).  By order dated Jan. 25, 2006, the Court granted respondent's motion to dismiss for lack of jurisdiction to the extent that petitioners seek a review of the collection activity regarding the sec. 6672 penalty.

The Bankruptcy Proceedings

In June of 1995, three involuntary bankruptcy proceedings under chapter 7 of the Bankruptcy Code, 11 U.S.C. sections 101-1330 (2000), were commenced against Mr. Balser, Mrs. Balser, and HDI, respectively, in the U.S. Bankruptcy Court for the Western District of Washington (bankruptcy court). Subsequently, the bankruptcy court substantively consolidated the involuntary bankruptcy proceedings and converted them into proceedings under chapter 11 of the Bankruptcy Code (consolidated bankruptcy cases). Mr. Balser was the president of HDI at the time the consolidated bankruptcy cases were filed.

Respondent filed with the bankruptcy court proofs of claim and amended proofs of claim against petitioners for unpaid income taxes for 1992 and 1993. Respondent also requested payment for administrative expenses relating to postpetition income taxes, including 1996.

On May 12, 1999, HDI filed an objection to "tax liabilities". Petitioners did not file any other objections to respondent's claims or requests for payment of administrative expenses. No order disallowing respondent's claims was entered in the consolidated bankruptcy cases.

On June 18, 1999, the bankruptcy court confirmed the Debtors' Joint Plan of Reorganization (plan). Respondent

subsequently notified petitioners that they were in default of the prepetition taxes under the terms of the confirmed plan.

The Section 6330 Administrative Process

On March 1, 2003, respondent sent two Letters 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, one to each of petitioners, regarding their tax liabilities for 1992, 1993, and 1996. According to the notice of determination, as of August 15, 2005, petitioners' unpaid liabilities, including statutory additions, were $22,858.53, $8,595.61, and $366.25 for 1992, 1993, and 1996, respectively.

Petitioners timely submitted a Form 12153, Request for a Collection Due Process Hearing, for 1992 through 2002, along with a letter explaining why they did not agree with the proposed levy.

Petitioners' case was assigned to Appeals officer Celia Cleveland (AO Cleveland), and petitioners were afforded a collection hearing via several telephone calls. At the hearing, petitioners did not dispute the amount of underlying tax liabilities self-assessed on the returns. Petitioners instead contended that their tax liabilities should have been paid in full by the funds that were available in the estate of the consolidated bankruptcy cases.

Petitioners did not submit to respondent an offer-in-compromise or any other collection alternatives during the

Appeals hearing.  AO Cleveland reviewed petitioners'
administrative file and transcripts for the years in issue, and
she verified that the requirements of all applicable laws and
administrative procedures had been met.

On September 13, 2005, the Appeals Office issued to
petitioners a notice of determination for 1992, 1993, and 1996
sustaining as appropriate respondent's proposed levy action.  The
Appeals Office further determined that the levy action should
proceed because petitioners had not made any arrangements to pay
the taxes.

On October 20, 2005, petitioners filed with the Court a
petition for lien or levy action.

Discussion

Procedure Under Section 6330

Section 6331 authorizes the Secretary to levy upon property
and property rights of a taxpayer liable for taxes who fails to
pay those taxes within 10 days after notice and demand for
payment.  Section 6331(d) provides that the levy authorized in
section 6331(a) may be made with respect to any "unpaid tax" only
after the Secretary has notified the person in writing of his
intention to make the levy and of the taxpayer's right to a
section 6330 hearing at least 30 days before any levy action is
begun.

If a section 6330 hearing is requested, the hearing is to be conducted by the Appeals Office of the Internal Revenue Service (IRS), and at the hearing, the Appeals officer conducting it must verify that the requirements of any applicable law or administrative procedures have been met. Sec. 6330(b)(1), (c)(1). The person requesting the hearing may raise any relevant issue with regard to the Commissioner's intended collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and alternative means of collection. Sec. 6330(c); see Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000).

In making a determination, the Appeals officer is required to take into consideration issues properly raised, the verification that the requirements of applicable law and administrative procedures have been met, and whether any proposed collection action balances the need for efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary. Sec. 6330(c)(3). Within 30 days after the Appeals Office issues a notice of determination, the person may appeal the determination to the Tax Court, if the Court has jurisdiction over the underlying tax liability. Sec. 6330(d)(1)(A). The Court has jurisdiction in this case.

Standard of Review

Where the underlying tax liability is properly at issue, the Court reviews the determination de novo.  See Goza v. Commissioner, supra at 181-182.  Where the underlying tax liability is not properly at issue, the Court reviews the determination for abuse of discretion.  Id.

Section 6330(c)(2)(B) provides that the existence or the amount of the underlying tax liability can be contested at an Appeals Office hearing if the person did not receive a statutory notice of deficiency or did not otherwise have an earlier opportunity to dispute such tax liability.  Sego v. Commissioner, supra at 609; Goza v. Commissioner, supra at 180-181.

Because petitioners self-assessed their taxes for all years at issue, respondent did not issue to petitioners a statutory notice of deficiency.  See sec. 6201(a)(1).

Respondent contends that the appropriate standard of review for the years at issue is the abuse of discretion standard and not review de novo.  Respondent argues that although a deficiency notice was not issued, petitioners had a prior opportunity to dispute those tax liabilities before the bankruptcy court.

The Court agrees with respondent.  In Kendricks v. Commissioner, 124 T.C. 69, 77 (2005), the Court held that when the IRS submits a proof of claim in a taxpayer's bankruptcy action, the taxpayer has an opportunity to dispute the liability

within the meaning of section 6330(c)(2)(B). Respondent submitted proofs of claim and amended proofs of claims in the consolidated bankruptcy cases for unpaid Federal taxes for 1992, 1993, and 1996. Petitioners were therefore precluded from challenging the amounts of the underlying liabilities for the years in issue both at the Appeals Office hearing and in this case.

Petitioners, however, claim that they are not seeking to dispute the amounts of the underlying tax for 1992 and 1993. Petitioners contend that they are seeking only an abatement of interest and relief from the penalties for the years in issue. But unless otherwise specified under the Code, both interest and penalties are treated as "tax". See secs. 6601(e)(1), 6665(a). Since petitioners are precluded from raising these issues, the Court need not address them.

Challenges to Collection Action

Since the validity of the underlying tax liabilities for the years at issue was not properly part of the appeal, the Court will review the notice of determination for abuse of discretion. See Goza v. Commissioner, supra at 181-182.

Questions about the appropriateness of the collection action include whether it is proper for the Commissioner to proceed with the collection action as determined in the notice of determination and whether the type and/or method of collection

chosen by the Commissioner is appropriate.  See, e.g., Swanson v. Commissioner, 121 T.C. 111, 119 (2003) (challenge to appropriateness of collection reviewed for abuse of discretion).

In order for a taxpayer to prevail under the abuse of discretion standard, it is not enough for the Court to conclude that the Court would not have authorized collection; the Court must conclude that, in authorizing collection, the Appeals officer has exercised discretion arbitrarily, capriciously, or without sound basis in fact.  Estate of Jung v. Commissioner, 101 T.C. 412, 449 (1993); accord Mailman v. Commissioner, 91 T.C. 1079, 1084 (1988).  An abuse of discretion occurs when a decision is based upon an erroneous legal standard or on a clearly erroneous finding of fact.  Smith v. Marsh, 194 F.3d 1045, 1049 (9th Cir. 1999).

In response to their request for an Appeals hearing, petitioners were afforded a conference with AO Cleveland via several telephone calls.  Petitioners contended during the conference that the collection was inappropriate because all outstanding taxes were paid in accordance with the confirmed plan in the consolidated bankruptcy case.

In support of their argument, petitioners presented as evidence a statement of account dated September 21, 1999, in which the IRS determined that petitioners had an overpayment of

tax for 1997 (1997 overpayment).[2]  The statement indicates that $11,270.34 is the "amount to be refunded to you if you owe no other taxes or other debts we are required to collect." Petitioners subsequently received a refund check from the Federal Government which they claim is evidence that all outstanding Federal taxes are fully paid.

Respondent disagrees, contending that petitioners' tax liabilities for 1992, 1993, and 1996 remain outstanding. Respondent argues that a refund check was sent to petitioners despite their having outstanding tax liabilities because a lack of mutuality precluded the IRS's offsetting the 1997 overpayment against the taxes owed.

Generally, section 6402(a) provides that the IRS has the right to offset an overpayment against any outstanding tax liabilities of the taxpayer.  This right to offset is preserved in a bankruptcy proceeding by 11 U.S.C. section 553 (2000), Setoff, which provides in relevant part:

> (a) Except as otherwise provided in this section * * *, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, * * *.

Respondent's right to offset is subject to the mutuality requirement under 11 U.S.C. section 553.  See, e.g., Aetna Cas. &

---

[2]Taxable year 1997 is not at issue in this case.

Sur. Co. v. LTV Steel Co. (In re Chateaugay Corp.), 94 F.3d 772, 781-782 (2d Cir. 1996); United States v. Jones, 230 Bankr. 875, 878 (M.D. Ala. 1999). Mutuality means that the creditor and the debtor must be mutually indebted in order to exercise the right of offset. 11 U.S.C. sec. 553; see In re O.P.M. Leasing Servs., Inc., 68 Bankr. 979, 985-986 (Bankr. S.D.N.Y. 1987). "The mutuality requirement is satisfied if the debts at issue are 'owing between the same parties, in the same right or capacity, and ... [are] of the same kind and quality.'" In re O.P.M. Leasing Servs., Inc., supra at 986 (quoting In re Braniff Airways, Inc., 42 Bankr. 443, 449 (Bankr. N.D. Tex. 1984)). Accordingly, obligations owing between a creditor and a prepetition debtor may not be offset against obligations owing between that same creditor and the debtor's estate since the requisite mutuality of obligations is absent. Id.

The 1997 overpayment is a postpetition debt that the IRS owed to petitioners' bankruptcy estate. The tax liabilities for 1992 and 1993 are prepetition debts that petitioners owed to the IRS. Therefore, respondent is correct that the IRS lacked the requisite mutuality to offset the refund for 1997 against the 1992 and 1993 taxes of petitioners. The tax liability for 1996, however, is a postpetition debt. Respondent could have exercised his right to offset but chose not to do so. Therefore,

petitioners' receipt of the refund check is insufficient to show that their outstanding tax liabilities are paid in full.

Respondent presented as evidence certified copies of Forms 4340, Certificate of Assessments, Payments and Other Specified Matters, with respect to 1992, 1993, and 1996 to show that petitioners' tax liabilities were properly assessed and that the amounts remained outstanding as of September 29, 2003. A Form 4340 satisfies the verification requirements of section 6330(c)(1). See Burke v. Commissioner, 124 T.C. 189, 195-196 (2005). Petitioners have not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessment or the information contained in the Forms 4340.

Petitioners did not submit an offer-in-compromise or offer a collection alternative to the Appeals Office. At trial, petitioners' counsel requested that petitioners be allowed an opportunity to enter into an installment agreement. Respondent asserts that AO Cleveland raised the possibility of an installment agreement during the conference. Petitioners, however, apparently declined to entertain collection alternatives because they wanted respondent to issue a notice of determination to allow them to come before the Court.

The Court does not find that a remand is necessary or would be productive. See Lunsford v. Commissioner, 117 T.C. 183, 188-

189 (2001); <u>Martin v. Commissioner</u>, T.C. Memo. 2003-288. Respondent, however, has expressed a willingness to discuss an installment agreement with petitioners pursuant to proper procedures.  Under section 6330(d)(2), the IRS retains jurisdiction of the collection action after the determination is made, and a taxpayer may "request an installment agreement * * * at any time before, during, or after the Notice of Intent to Levy hearing."  H. Conf. Rept. 105-599, at 266 (1998), 1998-3 C.B. 747, 1020.

The Court has considered the remaining arguments raised in petitioners' pretrial memorandum and finds that they are unconvincing.

Accordingly, the Court holds that the Appeals Office did not abuse its discretion in determining that respondent's proposed levy should be sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.