JOHN CONNORS, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Connors v. Comm'r
Docket No. 19571-07L
United States Tax Court
2008 U.S. Tax Ct. LEXIS 38; July 14, 2008, Entered
*38 Joseph Robert Goeke, Judge.
Joseph Robert Goeke
ORDER & DECISION
This case was called from the calendar for the Trial Session of the Court on June 23, 2008, in Washington, D.C., for hearing on respondent's Motion for Summary Judgment on all issues in there case, filed April 10, 2008, and respondent's Motion to Permit Levy, filed May 23, 2008. Respondent further moves that the Court a penalty in an appropriate amount pursuant to section I.R.C., on the grounds that petitioner instituted these proceeding primarily for the purpose of delay and petitioner's position is frivolous and groundless. Both parties appeared at the hearing and were heard.
On February 6, 2006, respondent sent petitioner a notice of deficiency for 2004 proposing tax liabilities based on a Substitute for Return prepared under section 6020(b), I.R.C. In addition, respondent assessed a frivolous return penalty under section 6702, I.R.C. Because petitioner did not petition the Court with respect to the proposed assessments respondent assessed the tax liability, penalties, and interest on September 18, 2006.
Respondent sent to petitioner a Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing, dated *39 December 30, 2006, advising petitioner that respondent intended to levy to collect unpaid liabilities for 2004 and that petitioner could request a hearing with respondent's Office of Appeals. On January 24, 2007, petitioner submitted a letter treated by respondent as a Form 12153, Request for a Collection Due Process Hearing. Petitioner requested a face-to-face hearing, but because the only issues that petitioner raised in his hearing request were frivolous or issues that Appeals does not consider, the Settlement Officer instead scheduled a telephone conference. Petitioner refused the proposed telephone conference by letter and did not call the Settlement Officer at the specified time. The Settlement Officer informed petitioner that the hearing would proceed by correspondence, but petitioner refused the proposed correspondence hearing.
On August 2, 2007, Appeals issued to petitioner a Notice of Determination Concerning Collection Action(s) Under 6320 and/or 6330. Petitioner filed a Petition for Lien or Levy Action Under Section 6320(c) or 6330(d) on August 29, 2007.
Summary judgment may be granted where there is no genuine issue of any material fact and a decision may be rendered as *40 a matter of law. Rule 121(a) and (b), Tax Court Rules of Practice and Procedure; Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be viewed in the manner most favorable to the nonmoving party. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985).
In a collection case where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000). The Court reviews the Appeals officer's determinations regarding other issues for an abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 182 (2000).
Section 6330(c)(2)(A), I.R.C, provides that during a collection hearing a taxpayer may raise relevant issues such as spousal defenses, the appropriateness of the intended collection action, and possible alternative means of collection. In addition, section 6330(c) (2) (B), I.R.C, provides that a taxpayer may challenge the existence or amount of the underlying liability if the taxpayer did not receive a notice of deficiency for the relevant period or did not otherwise have an opportunity *41 to dispute the liability.
Petitioner does not dispute that he received a notice of deficiency for 2004 and did not petition the Court in response thereto. Petitioner argues that he received correspondence from respondent indicating that he did not need to take any action at that time. However, that correspondence was sent in response to a letter petitioner sent to respondent before petitioner received the notice of deficiency and was not related to the notice of deficiency. Petitioner received no correspondence from the Court or respondent suggesting that he should not file a petition to contest the determination of his deficiency or that he would be able to challenge his underlying liability in this Court if he failed to file a timely petition in response to the notice of deficiency. Because petitioner received a notice of deficiency, he was precluded from challenging his underlying liability during the collection hearing and we review the Appeals officer's determinations for an abuse of discretion.
Petitioner argues that the settlement officer abused her discretion by failing to give him a face-to-face hearing and he asks the Court to stop all collection action and remand this case *42 to Appeals. Petitioner also asks the Court to impose sanctions against respondent's attorney and the settlement officer, but petitioner has not provided any evidence of improper behavior.
Although a hearing may consist of a face-to-face hearing, a proper section 6330, I.R.C, hearing may also occur by telephone or by correspondence under certain circumstances. Katz v. Commissioner, 115 T.C. 329, 337-338 (2000); sec. 301.6330-1(d)(2), Q & A-D6, Proced. & Admin. Regs. In particular, a face-to-face hearing may not be appropriate when the only arguments that the taxpayer presents are based on irrelevant or frivolous arguments. See Lunsford v. Commissioner, 117 T.C. 183, 189 (2001). If a taxpayer has been given a reasonable opportunity for a hearing and has failed to avail himself of that opportunity, this Court has approved the Commissioner's determination to proceed with collection on the basis of an Appeals officer's review of the case file. See, e.g., D'Onofrio v. Commissioner, T.C. Memo. 2008-25; Bean v. Commissioner, T.C. Memo. 2006-88.
The settlement officer offered petitioner a telephonic hearing or a hearing by correspondence because petitioner failed to raise any relevant issues *43 of merit in his request for a hearing. The settlement officer offered petitioner a face-to-face hearing if he raised any nonfrivolous issues. Therefore, the settlement officer did not abuse her discretion by refusing petitioner a face-to-face hearing. Petitioner's remaining arguments relate to his underlying tax liability or are frivolous. As discussed above, petitioner is precluded from challenging his underlying liability in this proceeding.
Section 6330(e)(1), I.R.C, provides that levy actions that are the subject of a collection hearing are suspended during the hearing and appeals therein. However, section 6330(e)(2), I.R.C, provides that paragraph (1) shall not apply to a levy action while an appeal is pending if the underlying tax liability is not at issue in the appeal and the Court determines that the Secretary has good cause not to suspend the levy. As previously discussed, petitioner's underlying liability is not at issue. We have held that good cause exists when the taxpayer fails to assert any meritorious arguments as to why the collection action should not proceed. See, e.g., Burke v. Commissioner, 124 T.C. 189, 196-197 (2005). Therefore, respondent has shown that relief *44 under section 6330(e)(2), I.R.C, is appropriate.
Section 6673(a)(1), I.R.C, authorizes the Court to impose a penalty not in excess of $25,000 if the Court concludes that the taxpayer instituted and/or maintained proceedings primarily for purposes of delay or if the Court deems the taxpayer's position to be frivolous and/or groundless.
At this time we decline to impose sanctions under section 6673(a)(1), I.R.C However, we strongly admonish petitioner that if he continues to raise frivolous arguments we will not be so lenient in the future.
Given due consideration to the foregoing, it is hereby
ORDERED that respondent's Motion for Summary Judgment, filed April 10, 2008, is granted. It is further
ORDERED that respondent's Motion to Permit Levy, filed May 23, 2008, is granted. It is further
ORDERED that respondent's motion for the Court to impose a penalty under section 6673, I.R.C, is denied. It is further
ORDERED and DECIDED that respondent may proceed with the collection action as determined in the Notice of Determination Concerning Collection Action for the taxable year 2004, upon which this case is based.
(Signed) Joseph Robert Goeke
Judge