T.C. Memo. 2010-102


UNITED STATES TAX COURT


INDEPENDENT STAFFING SOLUTIONS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9734-08L.                    Filed May 10, 2010.


<u>Jack Duran</u>, for petitioner.

<u>James A. Whitten</u>, for respondent.


MEMORANDUM OPINION


MARVEL, <u>Judge</u>:  Pursuant to section 6330(d),[1] petitioner
seeks review of respondent's determination to sustain a notice of
Federal tax lien (NFTL) with respect to petitioner's unpaid

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

employment tax,[2] i.e., unpaid withholding and FICA tax liabilities reported on Form 941, Employer's Quarterly Federal Tax Return, for the quarters ending September 30 and December 31, 2006, and March 31, 2007, and unpaid FUTA tax liabilities reported on Form 940, Employer's Annual Federal Unemployment (FUTA) Tax Return, for 2006. For the reasons that follow, we shall sustain respondent's determination.

## Background

The parties submitted this case fully stipulated pursuant to Rule 122. The stipulation of facts is incorporated herein by this reference. Petitioner's mailing address was in California, when the petition was filed.[3]

Petitioner is a wholly owned, tribally chartered enterprise of the Fort Independence Indian Tribe, a federally recognized

---

[2]We use the term "employment tax" to refer to taxes under the Federal Insurance Contributions Act (FICA), secs. 3101-3128, the Federal Unemployment Tax Act (FUTA), secs. 3301-3311, and Federal income tax withholding, secs. 3401-3406, and 3509.

[3]Petitioner's principal place of business is unclear. The record suggests that petitioner's principal place of business in 2003 was on the sovereign Indian Lands of the Fort Independence Indian Reservation. However, there is no evidence in the record with respect to petitioner's principal place of business on the date the petition was filed.

Indian tribe.[4]  Petitioner was established in 2003.  Petitioner is in the business of providing temporary staffing services.

In September 2003 petitioner entered into an agreement with MRG California, L.L.C. (MRG).  The terms of the agreement called for MRG to provide management services to petitioner, including administration of petitioner's payroll.

On November 13, 2007, respondent filed an NFTL against petitioner in the Inyo County recorder's office with respect to the following employment tax liabilities:

| Form | Quarter/Tax Year | Amount Due |
|------|------------------|------------|
| 940  | 2006             | $249.48    |
| 941  | 9/30/2006        | 697,056.42 |
| 941  | 12/31/2006       | 286,031.60 |

Also on November 13, 2007, respondent mailed to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (CDP notice) regarding the same liabilities.

On December 18, 2007, petitioner timely filed a Form 12153, Request for a Collection Due Process or Equivalent Hearing, with respect to the CDP notice.  In the Form 12153 petitioner stated

---

[4]As a threshold matter, we note that tribally chartered enterprises generally are required to withhold employment taxes in the same manner as other employers.  See Rev. Rul. 59-354, 1959-2 C.B. 24; Rev. Rul. 56-110, 1956-1 C.B. 488; cf. Allen v. Commissioner, T.C. Memo. 2005-118 (rejecting taxpayer's claim that income received as a member of a tribal council was exempt from employment tax for both wage withholding and self-employment tax purposes and holding that taxpayer's income was to be treated as self-employment income subject to Federal self-employment tax under sec. 1401); Doxtator v. Commissioner, T.C. Memo. 2005-113 (same).

as follows with respect to the employment tax liabilities: "Tax payments have been made. The tax is not due and owing. The taxes have not been properly calculated. Taxpayer is not responsible for the tax payments."

On March 17 and 18, 2008, petitioner's counsel[5] sent several documents to respondent's settlement officer, Ruth Beck (Ms. Beck), relating primarily to the business relationship between petitioner and MRG. On March 24, 2008, petitioner's counsel and Ms. Beck held a collection due process hearing by telephone. During the hearing petitioner's counsel contended that petitioner was not liable for the employment tax liabilities because of the unlawful acts of MRG and its successor, Independent Management Resources, L.L.C. (IMR). Specifically, petitioner's counsel argued the lien should be discharged because MRG and IMR misappropriated the funds petitioner had earmarked for payment of its employment tax liabilities.[6] Petitioner did not make any other arguments with respect to the existence of the employment tax liabilities and did not suggest any collection alternatives.[7]

---

[5]Petitioner's then counsel, John M. Peebles, has since withdrawn.

[6]The record does not corroborate any illegal or improper acts on the part of MRG or IMR, and we express no opinion with respect to petitioner's assertion that MRG or IMR misappropriated petitioner's funds.

[7]Petitioner's counsel asserted that petitioner's tax liability was calculated incorrectly. However, he presented no
(continued...)

On March 31, 2008, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination).  In the notice of determination respondent sustained the filing of the NFTL with respect to petitioner's employment tax liabilities.  In an attachment to the notice of determination, respondent addressed petitioner's argument as follows:

> Form 12153 was annotated, Lien "discharge."
>
> Your representative intimated that it appears another entity may be liable for the tax liability.  Other than a copy of an agreement between the taxpayer and another entity of which the Service had no part in this agreement [sic], there was no more information provided to the Settlement Officer regarding this possible issue.
>
> Review of IRM 5.12.3.12, Discharge of Property and IRM 5.12.3.12.1, When to Issue a Certificate of Discharge has affirmed the Settlement Officers [sic] determination that a lien discharge is inappropriate in this case.
>
> No other issues were raised.

Petitioner timely filed a petition in this Court challenging respondent's notice of determination.

---

[7](...continued)
evidence or explanation with respect to this argument.

## Discussion

I.   Sections 6320 and 6330

Section 6320(a) provides that the Secretary must notify a taxpayer in writing of the filing of an NFTL and of the taxpayer's right to request an administrative hearing with respect to the lien.  Section 6320(b) provides that the taxpayer is entitled to a fair hearing before an impartial officer of the Internal Revenue Service Office of Appeals (Appeals Office). Section 6320(c) provides that the hearing shall be conducted according to the provisions of section 6330(c), (d), and (e) (other than section 6330(d)(2)(B)).

A taxpayer may raise any relevant issue at the hearing, including appropriate spousal defenses, challenges to the appropriateness of collection action, and offers of collection alternatives.  Sec. 6330(c)(2)(A).  A taxpayer may also challenge the existence or amount of the underlying liability, but only if the taxpayer did not receive a statutory notice of deficiency or did not otherwise have a previous opportunity to dispute the underlying liability.  Sec. 6330(c)(2)(B).

Following the hearing, the Appeals Office must issue a notice of determination with respect to the proposed collection activity.  In making the determination, the Appeals Office must take into consideration:  (1) Verification from the Secretary that the requirements of any applicable law or administrative

procedure have been followed;[8] (2) any relevant issues raised by the taxpayer; and (3) whether the proposed collection action appropriately balances the need for appropriate collection of taxes with the taxpayer's legitimate concerns regarding the intrusiveness of the proposed collection action.  Sec. 6330(c)(3).

If the taxpayer disagrees with the Appeals Office's determination, the taxpayer may seek review of the determination by filing a timely petition in this Court.  Sec. 6330(d).  If a taxpayer's underlying liability is properly at issue, we review any determination with respect to the underlying liability de novo.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  We review any other administrative determination for abuse of discretion.  Craig v. Commissioner, 119 T.C. 252, 260 (2002) (citing Sego v. Commissioner, supra at 610).

Respondent concedes that petitioner did not receive a notice of deficiency and did not otherwise have an opportunity to challenge the employment tax liabilities.  Accordingly, petitioner may challenge the underlying liabilities in this

---

[8]No particular form of verification is required, and it is well settled that a taxpayer's account transcripts presumptively will satisfy the verification requirement of sec. 6330(c)(1). Burke v. Commissioner, 124 T.C. 189, 195 (2005) (citing Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002), affd. 329 F.3d 1224 (11th Cir. 2003), Nestor v. Commissioner, 118 T.C. 162, 166 (2002), and Lunsford v. Commissioner, 117 T.C. 183 (2001)).

proceeding and, to the extent the underlying liabilities are at issue, we will review respondent's determination de novo.

## II. Respondent's Notice of Determination

### A. Applicable Law and Administrative Procedure

The record establishes that Ms. Beck reviewed petitioner's account transcripts for the tax periods at issue and determined that all applicable laws and administrative procedures had been satisfied with respect to the NFTL. Petitioner does not argue that respondent failed to fulfill the requirements of any applicable law or administrative procedure, and our review of the record does not reveal any legal or procedural errors with respect to respondent's proposed collection action. Accordingly, we conclude that respondent's determination that the requirements of all applicable laws and administrative procedures were satisfied was not an abuse of discretion.

### B. Petitioner's Arguments

Petitioner advanced only one argument during the collection due process hearing; i.e., that a third party's misappropriation of funds set aside for payment of petitioner's employment tax liabilities relieves petitioner of liability for the unpaid employment taxes.[9] As petitioner's argument is a challenge to

_____

[9]Petitioner stated on the Form 12153 that the employment tax liabilities were not due and owing, and petitioner's counsel asserted during the hearing that petitioner's employment tax was not properly calculated. However, as discussed above, petitioner
(continued...)

the existence of the underlying liability, we review petitioner's argument de novo. See <u>Sego v. Commissioner</u>, <u>supra</u> at 610; <u>Goza v. Commissioner</u>, <u>supra</u> at 181-182. On the basis of the record before us, however, we conclude that petitioner's argument is not supported by the facts or applicable law.

Despite petitioner's assertions, there is no credible evidence in the record that MRG, IMR, or any other third party misappropriated petitioner's funds.[10] Accordingly, petitioner's assertion that a third party misappropriated the funds set aside to pay petitioner's employment tax liabilities is without factual support and, in any event, is not a recognized defense to respondent's proposed collection action.

### C. Balancing Efficient Collection With Taxpayer's Legitimate Concerns

Finally, on the basis of her review of petitioner's account transcripts, Ms. Beck determined that respondent's collection action; i.e., the filing of an NFTL, was no more intrusive than necessary. Petitioner does not specifically address this

---

[9](...continued)
failed to explain or submit any evidence to the hearing officer with respect to this argument. Petitioner does not argue in its petition that the employment tax was improperly calculated. Consequently, we deem this issue conceded. See Rule 331(b)(4).

[10]MRG's and IMR's bankruptcy petitions, which were among the documents mailed to Ms. Beck before the hearing and are part of the record in this case, list petitioner as an unsecured creditor. However, such evidence, standing alone, does not establish that MRG or IMR misappropriated petitioner's funds.

conclusion.  On the basis of the record before us, we can see no reason to conclude that the determination on this point was erroneous.

III. Conclusion

We conclude that respondent did not err in determining that all applicable laws and administrative procedures had been followed with respect to petitioner's unpaid employment tax and that the filing of the NFTL appropriately balanced the need for efficient collection of tax with the taxpayer's legitimate concerns.  We further conclude that the sole issue raised by petitioner, i.e., whether a third party's alleged misappropriation of petitioner's funds relieves petitioner of liability for unpaid employment tax, is factually unsupported by the record and legally without merit.  Consequently, respondent's determination is sustained.

We have considered the remaining arguments of both parties and, to the extent not discussed above, we conclude those arguments are irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered for respondent.