T.C. Memo. 2010-127

UNITED STATES TAX COURT

FRANK ANTHONY MATTINA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21851-08L.                    Filed June 14, 2010.

Frank Anthony Mattina, pro se.

<u>Nicholas D. Doukas</u>, for respondent.

MEMORANDUM OPINION

MORRISON, <u>Judge</u>:  The respondent (the Commissioner of
Internal Revenue, referred to here as the IRS) has filed three
motions:  a motion for summary judgment, a motion to impose a

penalty under section 6673,[1] and a motion to permit the levy. All three motions are meritorious and will be granted.

The petitioner, Frank Mattina, did not file income-tax returns for the tax years 2001, 2002, 2003, and 2004. The IRS mailed a deficiency notice (or deficiency notices) for these four tax years.[2] The date of the mailing is not reflected in the motion papers.

Mattina says that on January 17, 2007, the IRS sent him a document purporting to be a deficiency notice. Mattina failed to include the document in his court papers. As will be discussed later, Mattina's description of the document is imperfect. We cannot be sure that the document was a deficiency notice and, even if it was, whether it corresponded to the four years from 2001 to 2004, or to a subset of these years, or to a year outside of these four years (such as 2005).

---

[1]All section references are to the Internal Revenue Code unless otherwise indicated.

[2]The IRS attached to its summary judgment papers the following documents concerning its dealings with Mattina:

- Form 4340--2001 Year
- Form 4340--2002 Year
- Form 4340--2003 Year
- Form 4340--2004 Year
- TXMOD-A Transcript
- IRPTRN

The Forms 4340, Certificate of Assessments, Payment, and Other Specified Matters, refer to "default[ed]" deficiency notices for all four years.

It appears that on April 9, 2007, the IRS sent to Mattina a notice that he had not filed a 2005 income-tax return. Our description of the notice is based on an April 17, 2007, letter that Mattina sent to the IRS's Austin office. The letter said that it was a response to an "IRS notice dated 4/9/07 for the year 2005"--a "CP-515".[3] Mattina's April 17, 2007 letter presented the following spurious arguments about the legality of the income-tax system: (1) that no one is liable for the income tax; and (2) that wages are not income.

On October 15, 2007, the IRS sent Mattina a notice informing him that it intended to levy to collect his tax liabilities for 2001, 2002, 2003, and 2004. Mattina requested an administrative hearing to challenge the proposed levy.[4] The IRS assigned Mattina's request to an Appeals officer in its San Francisco Appeals Office. The officer refused to meet Mattina face to

---

[3]The notice referred to in the letter is therefore probably a warning that the IRS has not received a tax return. See Schmidt v. United States, 92 AFTR 2d 2003-6468, 2003-6468 (E.D. Wash. 2003) ("Defendant sent Plaintiffs 'Letter CP-515,' demanding that Plaintiffs file a 1998 Tax Return."). Such a form is different from a deficiency notice. A notice of deficiency is an official determination by the IRS that a taxpayer has an underreported tax liability. The mailing of a deficiency notice gives the taxpayer the right to challenge the determination by filing a petition with the Tax Court. Our records indicate that we have not received a petition from Mattina to redetermine a deficiency for the 2005 income-tax year.

[4]His request did not explain why he wished to challenge the levy. He wrote merely: "Reasons will be discussed at hearing."

face.  After learning this, Mattina requested that the hearing be conducted by mail instead of by telephone.

Mattina wrote a letter to the IRS on June 24, 2008, explaining why the levy was inappropriate.  The letter did not refer to a notice dated January 17, 2007, or to any deficiency notice.[5]

On August 4, 2008, the San Francisco Appeals Office issued a written determination that sustained the proposed levy to collect Mattina's 2001-2004 tax liabilities.  The determination acknowledged, but implicitly dismissed, the arguments that Mattina had made in his June 24, 2008, letter.  The determination also asserted generally that "[T]he requirements of applicable law or administrative procedure have been met".  The

---

[5]Instead, the letter made the following claims, which we summarize:

- The IRS did not legitimately record assessments for tax years 2001, 2002, 2003, and 2004, because the Code forbids the use of computer-generated assessments;
- The IRS failed to mail a valid notice of assessment and demand for payment under sec. 6303(a);
- A notice of levy must be followed by a notice of seizure,
- A notice of levy procedure can be used only against employees of the federal government;
- A notice of levy is not the same thing as a levy;
- Congress did not authorize the assessment or collection of income taxes on individuals, and
- The levy would create significant hardship.

The letter asked the IRS for various documents, including "all the documents upon which you rely and which were used to verify that the requirements of all applicable law and administrative procedures have been and will be met" and documents related to the correctness of the assessments.

determination listed some specific requirements that had been satisfied. However, it did not expressly address whether the IRS had issued deficiency notices for 2001-2004. The Appeals officer was not aware of the April 17, 2007 letter that Mattina had written to the Austin IRS office.

Mattina filed a petition with the Tax Court in which he challenged the IRS's determination to sustain the levy for 2001-2004. Mattina gave several reasons for his disagreement with the determination. The first was: "In issuing me its notice of deficiency in 1/2007, the IRS failed to follow the procedure in Chapter 63 of the IRC or the relevant regulations." The petition did not specify the tax year to which this January 2007 notice of deficiency corresponded.

On September 9, 2009, the IRS filed a motion for summary judgment. The motion urged the Court to sustain the determination made by the Appeals officer. The motion did not specifically discuss whether the IRS had issued valid notices of deficiency to Mattina.

Mattina filed an objection to the motion. He made the following statements in the objection:

> In late January, 2007, I received a letter from the IRS purporting to be a statutory notice of deficiency (SND), and giving me ninety days to petition Tax Court if I wanted to challenge the assessment. On April 12, 2007, I responded to the IRS letter by pointing out that it failed to meet the requirements of an SND. An SND must include a statement from the IRS that the IRS has examined a return.

And:

> The real issue is whether the alleged statutory notice
> of deficiency satisfied the minimum requirements for a
> statutory notice of deficiency.

And:

> I ask the court * * * to determine whether the SND
> issued to me on January 17, 2007, was valid or not.

Plainly, Mattina is saying that the January 17, 2007 notice was not a valid deficiency notice because it did not say that the IRS had audited a return. What is not so evident is which tax year the January 17, 2007 notice addresses. We do not have a copy of the notice to refer to. Mattina's objection says that the notice in question is discussed in a letter attached to his objection:

> My letter of April 12, 2007, pointed out a number of
> other problems with the alleged SND. My letter is
> attached to this Response as Exhibit A.

Mattina tells us to look at his attachment, and so we do. The attachment is Mattina's letter to the IRS's Austin center. This letter is dated April 17, 2007, not April 12, 2007, and purports to respond to a notice CP-515, not a deficiency notice. These inconsistencies are significant because the attachment is our only clue as to what year's deficiency notice Mattina is challenging in this case. The attachment refers to the 2005 tax year and no other tax year. It is no surprise, then, that the IRS construes Mattina's objection to be that the January 17 notice was not a valid notice of deficiency for the tax year 2005. Construing Mattina's objection to be a challenge to a 2005

deficiency notice, the IRS observes that such a challenge is not relevant to the determination of its Appeals office that the IRS should levy to collect income tax from tax years 2001-2004. We do not disagree with the IRS's response, given the confusion in the papers that Mattina filed. However, it is sufficient here to address Mattina's theory that the notice of deficiency had to assert that the IRS had examined a return. That theory is incorrect. A taxpayer who has failed to file a tax return cannot fault the IRS for failing to examine a tax return. See Fox v. Commissioner, T.C. Memo. 1993-277, affd. without published opinion 69 F.3d 543 (9th Cir. 1995). Thus, even if Mattina is challenging the validity of the 2001, 2002, 2003, and 2004 deficiency notices, his challenge is unpersuasive. The determination of the Appeals officer was not erroneous. The IRS's motion for summary judgment will be granted.

The IRS has moved to impose a penalty under section 6673 because Mattina's position in the case is groundless and because he instituted the case primarily for the purpose of delay. See sec. 6673(a)(1). Mattina's position in this case is indeed groundless. We have rejected Mattina's sole argument made in his objection to the IRS's motion for summary judgment. Also, we are convinced that Mattina filed his Tax Court petition for the purpose of delay. This conclusion follows from a combination of facts, including that: (1) Mattina failed to file tax returns

for several years, and (2) Mattina asserted frivolous arguments, both in his April 17, 2007 letter to the IRS's Austin office, and at the administrative hearing that is the subject of this case. The IRS's motion to impose a penalty will be granted. An appropriate penalty for Mattina's misconduct is $5,000.

The IRS has also asked the Court to remove the suspension of the levy under section 6330(e)(2). Such a request should be granted only if "good cause" exists to remove the suspension. Sec. 6330(e)(2). Good cause exists where "the taxpayer has used the collection review procedure to espouse frivolous and groundless arguments and otherwise needlessly delay collection." Burke v. Commissioner, 124 T.C. 189, 197 (2004). We find that this condition is satisfied. An additional condition for removing the suspension is that the underlying tax liability not be at issue in the Tax Court proceeding. Sec. 6330(e)(2) (removal of suspension authorized only when underlying tax liability "not at issue in the appeal" to the Tax Court). The underlying tax liability is not at issue in this proceeding. Mattina failed to raise arguments and provide evidence regarding his tax liability at the hearing level. This failure bars him from asking the Court to make determinations regarding his tax liability. See Giamelli v. Commissioner, 129 T.C. 107, 115 (2007) ("In seeking Tax Court review of * * * [Appeals'] Notice of Determination, the taxpayer can only ask the court to consider

an issue, including a challenge to the underlying tax liability, that was properly raised in the taxpayer's CDP hearing."); sec. 301.6330-1(f)(2) Q&A-F3, Proced. & Admin. Regs.  The IRS's motion to remove the suspension of levy will be granted.

To reflect the foregoing,

An appropriate order and decision will be entered for respondent.