T.C. Summary Opinion 2007-144

UNITED STATES TAX COURT

WARREN D. WARD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13066-05S.                    Filed August 20, 2007.

Warren D. Ward, pro se.

<u>Gavin L. Greene</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of sections 6330(d) and 7463 of the Internal Revenue Code in effect when the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal

Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

This proceeding arises from a petition for judicial review filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) issued to petitioner in June 2005 and supplemented in October 2006. Pursuant to section 6330(d), petitioner seeks review of respondent's determination sustaining a proposed levy for the taxable years 1997, 1998, and 1999.

After concessions,[1] the issues for decision are: (1) Whether respondent correctly determined petitioner's underlying tax liability for the years at issue; and (2) whether respondent abused his discretion by sustaining the proposed levy. The parties filed cross-motions for summary judgment pursuant to Rule 121(a). For the reasons discussed below, we shall grant respondent's motion and deny petitioner's motion.

## Background

Petitioner resided in Whittier, California, when the petition was filed.

During the years at issue, petitioner worked for Viking Freight, Inc. (Viking Freight), which was later acquired by FedEx. Petitioner filed a Federal income tax return for 1997.

---

[1] Respondent concedes unreported income of $13 and $14 for 1997 and 1999, respectively, and an addition to tax under sec. 6651(a)(2) for 1997.

Although petitioner attached a Form W-2, Wage and Tax Statement, showing that petitioner earned $20,295[2] from Viking Freight, the 1997 return reports no income and no tax liability.  Because petitioner did not file a Federal income tax return for 1998 or 1999, respondent prepared substitutes for returns for those years based on Forms W-2 and other third-party information documents.

Respondent assessed a $500 civil penalty against petitioner under section 6702 for filing a frivolous tax return for 1997.  Respondent also determined a deficiency in income tax for each of the years 1997, 1998, and 1999 and issued petitioner separate notices of deficiency for each year.  Petitioner did not petition the Court in response to any of the notices.  Respondent assessed the tax reflected in the notices of deficiency and, on the same dates as the assessments were made, issued petitioner statutory notices of balance due.

After petitioner failed to make payment, respondent issued a notice of intent to levy.[3]  Petitioner timely submitted a Form 12153, Request for a Collection Due Process Hearing.  Petitioner's case was assigned to a settlement officer, who conducted an administrative hearing with petitioner by correspondence.  The settlement officer considered both the civil

---

[2] All dollar amounts are rounded to the nearest dollar.

[3] The notice of intent to levy also included civil penalties assessed under sec. 6702 for the taxable years 1993 through 1996.

penalty and the income tax liabilities that had been assessed. The settlement officer ultimately concluded that the proposed levy should be sustained. Respondent issued a notice of determination with respect to the civil penalty and a separate notice of determination for the income tax liabilities.

Petitioner filed a timely petition with the Court. By Order dated May 4, 2006, we dismissed this case for lack of jurisdiction to the extent petitioner sought review of the notice of determination concerning the civil penalty. The Order makes clear that we have jurisdiction only with respect to the notice of determination that addresses petitioner's income tax liabilities.[4]

After a hearing in June 2006, we remanded this case to respondent's Office of Appeals, and petitioner's case was assigned to a different settlement officer. The settlement officer provided petitioner with several documents, including

---

[4] Our jurisdiction to review the Commissioner's collection activity requires that we have jurisdiction over the underlying type of tax involved, Andre v. Commissioner, 127 T.C. 68, 70 (2006), and historically we have not had jurisdiction to review the sec. 6702 penalty, Van Es v. Commissioner, 115 T.C. 324, 328-329 (2000). On Aug. 17, 2006, Congress enacted the Pension Protection Act of 2006 (the Act), Pub. L. 109-280, 120 Stat. 780. The Act amends sec. 6330(d)(1) to give the Tax Court jurisdiction to review the Commissioner's collection activity regardless of the underlying type of tax involved. However, the amendment to sec. 6330(d)(1) is effective only for determinations made after Oct. 16, 2006. Act sec. 855, 120 Stat. 1019. Because the determination in this case was made before that date, we lack jurisdiction to review the sec. 6702 penalty.

Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, for the years at issue.  The settlement officer requested that petitioner submit, inter alia, tax returns for 2004 and 2005 and a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals.

Although the parties exchanged correspondence over the next few months, petitioner did not provide the requested information. Respondent issued petitioner a Supplemental Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (supplemental notice) on October 2, 2006.  The supplemental notice sustains the proposed levy and states that applicable legal and administrative requirements were met.

In February 2007, the parties filed cross-motions for summary judgment.[5]  Respondent and petitioner each filed an objection, and petitioner filed a reply to the objection.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials,

---

[5] Respondent had filed an earlier motion for summary judgment on Apr. 11, 2006, which we denied without prejudice.

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). Because we find there is no genuine issue of material fact, summary judgment is appropriate.

Section 6331(a) authorizes the Secretary to levy upon property and property rights of a taxpayer liable for taxes who fails to pay those taxes within 10 days after a notice and demand for payment is made. Section 6331(d) provides that the levy may be made only if the Secretary has given written notice to the taxpayer 30 days before the levy. Section 6330(a) requires the Secretary to send a written notice to the taxpayer of the amount of the unpaid tax and of the taxpayer's right to a section 6330 hearing at least 30 days before the levy is begun.

If a section 6330 hearing is requested, the hearing is to be conducted by the Office of Appeals, and the Appeals officer conducting it must verify that the requirements of any applicable

law or administrative procedure have been met.  Sec. 6330(b)(1) and (c)(1).  The taxpayer may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy.  Sec. 6330(c)(2)(A).  The taxpayer also may raise challenges to the existence or amount of the underlying tax liability at a hearing if the taxpayer did not receive a statutory notice of deficiency with respect to the underlying tax liability or did not otherwise have an opportunity to dispute that liability.  Sec. 6330(c)(2)(B); Montgomery v. Commissioner, 122 T.C. 1 (2004).

This Court has jurisdiction under section 6330 to review the Commissioner's administrative determinations.  Sec. 6330(d); Iannone v. Commissioner, 122 T.C. 287, 290 (2004).  Where the validity of the underlying tax liability is properly at issue, we review the determination de novo.  Where the underlying tax liability is not at issue, we review for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000).

I.  The Underlying Tax Liability

Respondent concedes that the underlying tax liability is properly at issue.[6]  In the notices of deficiency, respondent

_____

[6] While copies of the notices of deficiency were attached to respondent's pleadings, respondent was unable to produce evidence that petitioner received the notices.  Accordingly, respondent considered the underlying tax liability at the administrative hearing and agrees that petitioner may raise the issue in this proceeding.  See sec. 6330(c)(2)(B).

determined that petitioner had unreported wage income for each of the years at issue. For the taxable years 1998 and 1999, respondent also determined additions to tax under sections 6651(a)(1) and 6654(a).

A. <u>Unreported Income</u>

Gross income includes all income from whatever source derived, including compensation for services. Sec. 61(a)(1). In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing that the determinations are in error. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). Under certain circumstances, the burden of proof as to factual matters shifts to the Commissioner. Sec. 7491(a). However, petitioner has neither alleged that section 7491(a) applies nor established his compliance with the requirements of section 7491(a)(2)(A) and (B) to substantiate items, maintain records, and cooperate fully with respondent's reasonable requests. Petitioner therefore bears the burden of proof.[7]

---

[7] But for the provisions of sec. 7463(b), this case would be appealable to the Court of Appeals for the Ninth Circuit (Court of Appeals). See sec. 7482(b)(1)(A). We therefore follow the law of that court. <u>Golsen v. Commissioner</u>, 54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971). In order for the presumption of correctness to apply in a case involving unreported income, the Court of Appeals has held that the Commissioner "must show some minimal evidence linking the taxpayer to the source of that income". <u>Palmer v. IRS</u>, 116 F.3d 1309, 1312-1313 (9th Cir. 1997). Although it is unclear whether
(continued...)

Petitioner does not deny that he worked for Viking Freight during the years at issue or that he received compensation for his services. In fact, petitioner attached a Form W-2 from Viking Freight to his 1997 tax return. Petitioner's payroll records for 1998 and 1999 likewise indicate that petitioner received wage income in the amounts shown in the notices of deficiency. Respondent's determination on this issue is sustained.

B. Addition to Tax Under Section 6651(a)(1)

If a Federal income tax return is not timely filed, an addition to tax will be assessed "unless it is shown that such failure is due to reasonable cause and not due to willful neglect". Sec. 6651(a)(1). The Commissioner has the burden of production with respect to the liability of any individual for an addition to tax under section 6651(a)(1). Sec. 7491(c). The burden of showing reasonable cause under section 6651(a) remains on petitioner. Higbee v. Commissioner, 116 T.C. 438, 446-448 (2001).

Respondent has met his burden of production. Petitioner does not deny that he failed to file a tax return for 1998 or

---

[7](...continued)
this rule applies in the context of sec. 6330, see Aston v. Commissioner, T.C. Memo. 2003-128 n.2, respondent has connected petitioner with the source of the wage income through the Forms W-2, as well as payroll records. Thus, respondent's determination is entitled to the presumption of correctness.

1999.  Petitioner introduced no evidence establishing reasonable cause.  Respondent's determination on this issue is sustained.

    C.  <u>Addition to Tax Under Section 6654(a)</u>

Section 6654(a) provides for an addition to tax "in the case of any underpayment of estimated tax by an individual".  This addition to tax is mandatory unless one of the statutorily provided exceptions applies.  See sec. 6654(e); <u>Grosshandler v. Commissioner</u>, 75 T.C. 1, 20-21 (1980).  There is no exception for reasonable cause or lack of willful neglect.  <u>Estate of Ruben v. Commissioner</u>, 33 T.C. 1071, 1072 (1960).

Respondent bears the burden of production with respect to the addition to tax under section 6654(a).  <u>Davis v. Commissioner</u>, T.C. Memo. 2005-160.  To meet this burden, respondent must show that petitioner had a "required annual payment".  <u>Wheeler v. Commissioner</u>, 127 T.C. 200, 210-212 (2006).  The required annual payment equals the lesser of (1) 90 percent of the tax shown on the return for the taxable year (or 90 percent of the tax for such year if no return is filed), or (2) 100 percent of the tax shown on the individual's return for the preceding taxable year (if the individual filed a return for that preceding year).  Sec. 6654(d)(1)(B).

Because petitioner had a tax liability for each of the years at issue, he had an obligation to make estimated tax payments for 1998 and 1999.  See <u>Wheeler v. Commissioner</u>, <u>supra</u> at 211.  The

Forms 4340 do not indicate, nor does petitioner contend, that he made any such payments for 1998 or 1999. Respondent therefore has met his burden of production. As petitioner has not shown that any of the statutory exceptions are applicable, respondent's determination on this issue is sustained.

II. The Proposed Levy

Petitioner asserts that respondent failed to satisfy the requirements of section 6330. Specifically, petitioner contends that he was not given notice and demand for payment of tax as required by section 6303(a).

In general, section 6303(a) provides that the Secretary shall give notice and demand for payment to the taxpayer within 60 days of making an assessment of tax. A settlement officer may rely on Form 4340 to verify that a notice and demand for payment was sent to the taxpayer. See Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993); Clough v. Commissioner, T.C. Memo. 2007-106 n.6.

The Forms 4340 for 1997, 1998, and 1999 show that respondent issued petitioner timely notices of balance due, which constitute notice and demand for payment within the meaning of section 6303(a). Clough v. Commissioner, supra n.7; Standifird v. Commissioner, T.C. Memo. 2002-245, affd. 72 Fed. Appx. 729 (9th Cir. 2003). Petitioner has failed to present any credible evidence that notice and demand was not issued as indicated on

the Forms 4340.  We therefore conclude that notices and demands were properly issued.  Because the record indicates that respondent also satisfied the remaining requirements of section 6330(c)(1), we sustain respondent's determination to proceed with the levy, except to the extent of respondent's concessions.  See supra note 1; see also Burke v. Commissioner, 124 T.C. 189, 195-196 (2005) (holding that a Form 4340 satisfies the verification requirements of section 6330(c)(1)).

To reflect the foregoing,

An appropriate order and decision will be entered.