T.C. Memo. 2012-9

UNITED STATES TAX COURT

GIRISH C. PATEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2298-10.                    Filed January 10, 2012.

Girish C. Patel, pro se.

<u>Lewis A. Booth II</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency of $12,439 in petitioner's Federal income tax for 2006.  Respondent also determined, but has now conceded, additions to tax under sections 6651(a) and 6654.  After concessions, the issue for decision is whether petitioner is entitled to deduct a $3,100 business loss. Unless otherwise indicated, all section references are to the

Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

None of the facts have been stipulated in writing, but certain adjustments to the deficiency and some documents were orally stipulated at the time of trial. The stipulated adjustments are incorporated in our findings by this reference. At the time his petition was filed, petitioner resided in Texas.

During 2006, petitioner was employed and earned taxable wages of $76,483.06. He also "moonlighted" as a building inspector for the Texas Department of Insurance. After 4 or 5 months, he lost his inspector's license. He had performed a number of inspections for which he was not paid.

Petitioner incurred license fees, car and truck expenses, and other expenses in relation to his building inspection business, but he did not maintain records of his expenditures.

On his Form 1040, U.S. Individual Income Tax Return, filed for 2006, petitioner claimed a $3,100 business loss described as "Cost; Refunded + no income. Bankrupt."

OPINION

Section 162 allows as a deduction "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". Taxpayers have the burden of

proving they are entitled to deductions claimed. <u>INDOPCO, Inc.
v. Commissioner</u>, 503 U.S. 79, 84 (1992). In addition, taxpayers
are required to maintain sufficient records to establish the
amounts and purpose of any deductions. Sec. 6001; <u>Higbee v.
Commissioner</u>, 116 T.C. 438, 440 (2001); sec. 1.6001-1(a), (e),
Income Tax Regs.

Petitioner testified that he incurred various expenses in
relation to his building inspection business, but he did not
produce any corroborating evidence of his claimed expenses before
trial or during trial. He requested 3 days after trial to
produce missing documentation and was afforded 30 days, but he
failed to produce any substantiation. Because he failed to
substantiate claimed vehicle and meals expenses as to time,
place, and business purpose, those items must be disallowed under
section 274(d).

Petitioner testified that he incurred license fees,
including the engineering license related to his employment, that
he attended a class on an unspecified date, and that he purchased
tools and supplies for which he paid cash and did not have
receipts. He testified that he had the license before 2006, and
he has not clarified or established what expenses were actually
paid or incurred in 2006. He claims that after receiving $758.96
for an inspection he conducted, he was required by the City of
Alvin to repay the full amount because of the loss of his

inspector's license.  He also claims that another check was returned in 2006.  There is no evidence that either the $758.96 repaid or the amount of the returned check was ever reported as income, which is a prerequisite for deducting repayments or bad checks from customers.  Worthless debts arising from unpaid items of taxable income are not deductible as bad debts unless the taxpayer has included the amounts in income for the year for which the bad debts are deducted or for a prior year.  See Schnell v. Commissioner, T.C. Memo. 2006-147 (citing Gertz v. Commissioner, 64 T.C. 598, 600 (1975)); sec. 1.166-1(e), Income Tax Regs.

Petitioner testified that he did not receive any income from the inspection business during 2006, and there is no evidence that he reported or received any income from the business in prior years.  Although it is unclear from his testimony, it appears that petitioner estimated his business loss based on what he expected to receive as income but did not receive.  Income not received may not be deducted from the wage income received.  A taxpayer is not allowed to reduce ordinary income actually received by the amount of income he failed to receive.  See Ratcliff v. Commissioner, T.C. Memo. 1983-636 (citing Hendricks v. Commissioner, 406 F.2d 269, 272 (5th Cir. 1969), affg. T.C. Memo. 1967-140).  Given petitioner's less than coherent testimony

and the absence of corroboration, we cannot allow any part of the business loss that he claims.

To reflect the concessions of the parties,

<u>Decision will be entered under Rule 155</u>.