T.C. Memo. 2017-58

UNITED STATES TAX COURT

TED LAWRENCE WILLIAMS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13829-15L.                    Filed April 6, 2017.

Ted Lawrence Williams, pro se.

<u>Jeremy D. Cameron</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  In this collection due process (CDP) case, petitioner

seeks review, pursuant to section 6330(d)(1),[1] of the determination by the Internal

_____

  [1]  Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect at all relevant times, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

[*2] Revenue Service (IRS or respondent) to proceed with collection of his unpaid Federal income tax liabilities for 2003 and 2004. Respondent has moved: (1) for summary judgment under Rule 121, contending that his determination to sustain the proposed collection action was proper as a matter of law; (2) to impose a penalty against petitioner pursuant to section 6673; and (3) to remove the suspension of the proposed levy pursuant to section 6330(e)(2). For the reasons stated below, we will grant respondent's motions.

## Background

The following facts are based on the parties' pleadings and motion papers, including the attached affidavits and exhibits. See Rule 121(b).

Petitioner, a resident of Florida at the time he filed the petition, is a tax protester who has not filed a Federal income tax return since 2000. In 2006 respondent began an examination for petitioner's 2003 and 2004 tax years. In 2007 the examining agent drove to an address in Smithfield, Utah (Smithfield address), which IRS records indicated was petitioner's last known address. Because the Smithfield address did not appear to be a residential location, the examining agent used a postal tracer research procedure offered by the U.S. Postal Service. The postal tracer indicated that petitioner received mail by general delivery at the ZIP Code of the Smithfield address. The examining agent

**[*3]** subsequently consulted the Accurint database, which indicated that the Smithfield address was petitioner's last known address.

On September 20, 2007, the examining agent mailed to petitioner a notice of deficiency determining deficiencies of $31,991 for 2003 and $31,914 for 2004 and additions to tax pursuant to sections 6651(a)(1) and (2) and 6654 for both tax years. This notice of deficiency was addressed to petitioner at the Smithfield address. The examining agent also mailed a duplicate notice of deficiency to petitioner at an address in Jacksonville, Florida, which he had found on a third-party information return. Petitioner did not challenge the deficiency notice in this Court, and the determined deficiencies therein were subsequently assessed.

On September 19, 2014, respondent issued to petitioner a Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice). Petitioner timely requested a CDP hearing. In his CDP hearing request he stated the following:

> Audit reconsideration being filed upon receipt of FOIA [Freedom of Information Act] requests. Never received determination letters for "taxable years" 2003 and 2004, as this information was sent to an unknown address. The correct address was last noted in a correspondence to the IRS dated 2007 which should have been updated. Audit reconsideration is due to potential procedural and administrative defects.

**[*4]** Petitioner did not check any of the boxes denoting a request for a collection alternative in his CDP hearing request.

Petitioner's case was transferred to Settlement Officer (SO) Peter Salinger in the Office of Appeals. By letter dated January 13, 2015, SO Salinger informed petitioner: "Since the assessments in question are a result of returns prepared under the Substitute for Return program you also have the opportunity to submit original returns for these years to refute the assessments that were made." SO Salinger also requested a copy of the 2007 correspondence petitioner referenced in his CDP hearing request. During a subsequent telephone conversation he warned petitioner about the consequences of raising frivolous arguments.[2]

On March 20, 2015, SO Salinger received from petitioner a document entitled "Notice of Dispute" with several attachments.[3] This document contained

---

[2] Arguments listed as frivolous in Notice 2010-33, 2010-17 I.R.B. 609, include the following positions: (1) that a "taxpayer's income is excluded from taxation when the taxpayer rejects or renounces United States citizenship because the taxpayer is a citizen exclusively of a State", (2) that "[o]nly certain types of taxpayers are subject to income and employment taxes, such as employees of the Federal government, corporations, nonresident aliens, or residents of the District of Columbia or the Federal territories", and (3) that "[t]he United States Tax Court is an illegitimate court or does not, for any purported constitutional or other reason, have the authority to hear and decide matters within its jurisdiction." Petitioner advanced such arguments at his CDP hearings and before this Court.

[3] Included among the attachments were copies of (1) a Notice of Federal
(continued...)

[*5] frivolous arguments except for a request that the conference be held by telephone and a restatement of petitioner's position that the notice of deficiency for 2003 and 2004 was "improperly delivered via certified mail to an unknown physical location, infra; thus, never timely received by Petitioner Williams." The attachments contained frivolous arguments and did not seek collection alternatives or raise any other permissible challenges to the proposed levy. Nowhere in this submission was there a copy of the purported 2007 correspondence establishing that petitioner had notified the IRS of an address different from that used on the notice of deficiency. Although petitioner failed to submit a copy of his purported 2007 correspondence, SO Salinger allowed him to raise the issue of liability because he believed petitioner might not have received the notice of deficiency.

SO Salinger advised petitioner that he could contest his underlying tax liabilities by filing original tax returns for 2003 and 2004. SO Salinger also notified petitioner that he needed to file his 2011, 2012, and 2013 returns. SO

---

[3](...continued)
Tax Lien Filing and Your Right to a Hearing Under Section 6320 (lien notice), dated October 14, 2014, concerning petitioner's unpaid Federal income tax for 2003 and 2004 and (2) a CDP hearing request pertaining to the lien notice, mailed by petitioner to respondent on November 7, 2014. Because the petition references only the levy notice, we need not concern ourselves with the lien notice or any determination under secs. 6320 and 6330 in connection therewith. See Murphy v. Commissioner, 125 T.C. 301, 308 n.1 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

**[*6]** Salinger asked petitioner to provide him with the requested tax returns by April 15, 2015.

On April 9, 2015, SO Salinger received from petitioner a document entitled "Amended Notice of Dispute" with several attachments, none of which were the requested tax returns or the purported 2007 correspondence. Instead, petitioner repeated many of the frivolous arguments he had previously raised. He also failed to request any collection alternatives.

Respondent subsequently issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, in which the proposed levy was sustained. Petitioner timely filed a petition with this Court in which he repeated many of the frivolous arguments he had raised in the CDP hearing. Thereafter, respondent filed a motion for summary judgment, to which petitioner objected.

This Court held a hearing on respondent's summary judgment motion in Jacksonville, Florida. During the hearing petitioner continued to advance frivolous arguments. He also filed a frivolous motion, which we denied. We gave petitioner an opportunity to address respondent's motion for summary judgment with nonfrivolous arguments. When petitioner refused to do so, we terminated the hearing and reserved decision on respondent's motion.

**[\*7]** After further review, we denied respondent's summary judgment motion because it was unclear from the administrative record whether SO Salinger had verified that the notice of deficiency was mailed to petitioner's last known address. We remanded petitioner's case to the Office of Appeals for a supplemental hearing on that issue and retained jurisdiction.

On remand petitioner's case was reassigned to SO James P. Feist. SO Feist reviewed the examination file and concluded that the IRS had sent the notice of deficiency to petitioner's last known address. In a letter to petitioner dated October 28, 2016, SO Feist explained how he had reached his conclusion and attached the documents on which he relied. SO Feist also told petitioner that: (1) the opportunity to contest his underlying liabilities by submitting original returns for 2003 and 2004 remained open to him; (2) the opportunity to request a collection alternative remained open to him; and (3) the continued assertion of frivolous arguments could lead to the imposition of monetary penalties.[4] SO Feist gave petitioner until November 28, 2016, to provide him with responsive documents.

---

[4] One of the attachments to the October 28, 2016, letter was a copy of an IRS document entitled "The Truth About Frivolous Tax Arguments", which addresses many of the arguments petitioner raised in this proceeding.

**[*8]** On December 2, 2016, SO Feist received a "Declaration" from petitioner reiterating petitioner's frivolous position that he is under no legal duty to pay Federal income tax. The "Declaration" contained several attachments, none of which was an original return for 2003 or 2004. Thereafter, respondent issued a supplemental notice of determination sustaining the proposed levy.

On January 4, 2017, respondent moved for summary judgment and for a section 6673 penalty against petitioner. Respondent also filed a motion to remove the suspension of the proposed levy pursuant to section 6330(e)(2). In a written response, petitioner objected to respondent's motions.

## Discussion

### I. Motion for Summary Judgment

We first address respondent's summary judgment motion. Summary judgment is designed to expedite litigation and to avoid unnecessary and expensive trials. Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). A motion for summary judgment may be granted where the pleadings and other materials show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). The burden is on the moving party to demonstrate that no genuine issue as to any

**[*9]** material fact remains and that he is entitled to judgment as a matter of law. FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001).

In all summary judgment cases, the evidence is viewed in the light most favorable to the nonmoving party. Bond v. Commissioner, 100 T.C. 32, 36 (1993). However, the nonmoving party is required "to go beyond the pleadings and by * * * [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting rule 56(e) of the Federal Rules of Civil Procedure); see also Rule 121(d); Rauenhorst v. Commissioner, 119 T.C. 157, 175 (2002); FPL Grp., Inc. & Subs. v. Commissioner, 115 T.C. 554, 559-560 (2000).

In his opposition to respondent's summary judgment motion, petitioner challenged his own status as a "taxpayer" and this Court's jurisdiction, among other frivolous arguments. He did not identify any specific facts showing that there is a genuine issue for trial. We therefore conclude that there are no material facts in dispute and that this case is appropriate for summary adjudication.

A.    Jurisdiction

Section 6331(a) authorizes the Secretary to levy upon property and property rights of a taxpayer who fails to pay a tax within 10 days after notice and demand.

**[*10]** Before the Secretary may levy upon the taxpayer's property, the Secretary must first notify the taxpayer of the Secretary's intent to levy. Sec. 6331(d)(1). The Secretary must also notify the taxpayer of his right to a CDP hearing. Sec. 6330(a)(1).

If the taxpayer requests a CDP hearing, the hearing is conducted by the Office of Appeals. Sec. 6330(b)(1). At the hearing the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed collection action. Sec. 6330(c)(2)(A). Once the SO makes a determination, the taxpayer may appeal to this Court for review. Sec. 6330(d)(1).

B.     Petitioner's Underlying Tax Liabilities

Where the validity of the underlying tax liability is at issue, we review the matter de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). A taxpayer may challenge the underlying tax liability during a CDP hearing if he did not receive a statutory notice of deficiency for the liability or did not otherwise have the opportunity to dispute the liability. Sec. 6330(c)(2)(B); see also Montgomery v. Commissioner, 122 T.C. 1, 9-10 (2004). The Court will consider an underlying tax liability on review only if the taxpayer properly raised the issue during the CDP hearing. Giamelli v. Commissioner, 129 T.C. 107, 115 (2007); see also sec. 301.6330-

**[*11]** 1(f)(2), Q&A-F3, Proced. & Admin. Regs.  A taxpayer did not properly raise an underlying liability if he did not present the SO with any evidence regarding the liability after being given a reasonable time.  See sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

Petitioner is not entitled to challenge his underlying tax liabilities for tax years 2003 and 2004 because he did not properly raise them during his initial CDP hearing and his supplemental CDP hearing.  Petitioner failed to present any evidence regarding the liabilities after being given a reasonable time.  During his initial CDP hearing SO Salinger gave petitioner several months to file original returns for 2003 and 2004.  At the supplemental CDP hearing SO Feist gave petitioner one month to file original returns for 2003 and 2004.  Both times, petitioner failed to do so, choosing instead to raise frivolous arguments.  Because petitioner failed to meaningfully challenge the underlying tax liabilities at his CDP hearings, they are not before this Court.

C.    Respondent's Administrative Determinations

We now turn to respondent's determination to proceed with collection, which we review under an abuse of discretion standard.  See Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182.  An abuse of discretion occurs if the Office of Appeals exercises its discretion

**[\*12]** "arbitrarily, capriciously, or without sound basis in fact or law." Woodral v.

Commissioner, 112 T.C. 19, 23 (1999). The Court does not conduct an

independent review and substitute its judgment for that of the SO. Murphy v.

Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006). If

the SO follows all statutory and administrative guidelines and provides a reasoned,

balanced decision, the Court will not reweigh the equities. Link v. Commissioner,

T.C. Memo. 2013-53, at \*12.

Following a CDP hearing the SO must determine whether to sustain the

proposed levy. In making that determination, section 6330(c)(3) requires the SO

to consider: (1) whether the requirements of any applicable law or administrative

procedure have been met; (2) any issues appropriately raised by the taxpayer; and

(3) whether the collection actions balance the need for the efficient collection of

taxes and the legitimate concern of the taxpayer that any collection action be no

more intrusive than necessary. See Lunsford v. Commissioner, 117 T.C. 183, 184

(2001); Diamond v. Commissioner, T.C. Memo. 2012-90, slip op. at 6-7.

As part of the duty to verify that the requirements of any applicable law or

administrative procedure have been met, the SO must verify that the IRS made a

valid assessment. See sec. 6330(c)(1); Hoyle v. Commissioner, 131 T.C. 197,

202-203 (2008). An assessment is not valid unless it is duly preceded by the

**[\*13]** mailing of a notice of deficiency to the taxpayer's last known address.  Sec. 6213(a); Hoyle v. Commissioner, 131 T.C. at 202-203.

After reviewing the examination file, including a copy of the notice of deficiency, SO Feist concluded that the notice of deficiency was mailed to petitioner's last known address and that the requirements of applicable law or administrative procedure had been met.  Petitioner, however, argues that respondent failed to satisfy the verification requirement; petitioner's general argument, as we understand it, is that respondent did not establish that the address on the notice of deficiency was his last known address.  We disagree.

We have held that absent clear and concise notice of a change of address, a taxpayer's last known address is the address shown on the taxpayer's return that was most recently filed at the time that the notice was issued.  Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988); see also sec. 301.6212-2(a), Proced. & Admin. Regs.  In deciding whether the Commissioner mailed a notice to a taxpayer at the taxpayer's last known address, the relevant inquiry "pertains to * * * [the Commissioner's] knowledge rather than to what may in fact be the taxpayer's most current address." Frieling v. Commissioner, 81 T.C. 42, 49 (1983).  The burden falls on the taxpayer to give clear and concise notification to the Commissioner of a change in address.  Alta Sierra Vista, Inc. v. Commissioner,

**[*14]** 62 T.C. 367, 374 (1974), aff'd without published opinion, 538 F.2d 334 (9th Cir. 1976).

Petitioner has not refuted respondent's evidence that he mailed the notice of deficiency to petitioner's last known address. While he contends that he did not reside at the Smithfield address, petitioner has not specified where the IRS should have mailed the notice of deficiency. He has neither alleged nor shown that his 2000 return (the last one he filed) reported a different address. Nor has he offered any evidence that he gave the IRS "clear and concise notification" of a different address. Furthermore, the administrative record shows that the examining agent made a substantial effort to ascertain petitioner's correct address, a task made all the more difficult by petitioner's deliberate failure to file returns. Accordingly, we hold that respondent exercised reasonable care and diligence in mailing the notice of deficiency to petitioner. See Monge v. Commissioner, 93 T.C. 22, 33 (1989) ("[A]fter respondent becomes aware of a taxpayer's change of address, he must exercise reasonable care and diligence in ascertaining and mailing the notice of deficiency to the correct address."); Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. at 374. We also hold that the IRS made a valid assessment of the tax liabilities at issue and that SO Feist adequately verified that the requirements of any applicable law or administrative procedure had been met.

**[*15]**  Other than denying receipt of the notice of deficiency, petitioner has not advanced a nonfrivolous basis for us to determine that SO Feist abused his discretion in sustaining the proposed levy.  Petitioner did not request collection alternatives during his CDP hearings and failed to provide the SOs with the financial information and delinquent tax returns they had requested.  Finding no abuse of discretion in any respect, we will grant summary judgment for respondent and sustain the proposed collection action.

II.    Section 6673 Penalty

We now consider respondent's motion to impose a penalty against petitioner pursuant to section 6673.  Respondent argues that sanctions are warranted because petitioner advanced frivolous arguments throughout the CDP hearings and this proceeding.  We agree with respondent and will impose a penalty against petitioner in the amount of $5,000 pursuant to section 6673.

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay a penalty to the United States in an amount not to exceed $25,000 whenever it appears to the Court that the taxpayer instituted or maintained the proceeding primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless.  Throughout this proceeding, petitioner has taken a multitude of

**[*16]** frivolous and groundless positions characteristic of tax protesters despite numerous warnings.[5]

The imposition of a $5,000 penalty is appropriate because petitioner was on notice that his frivolous arguments could subject him to monetary penalties. This Court previously imposed a section 6673 penalty against petitioner, sua sponte, for making frivolous arguments. See Williams v. Commissioner, T.C. Memo. 2002-111. Furthermore, during the initial CDP hearing and the supplemental CDP hearing SO Salinger and SO Feist advised petitioner that his arguments were frivolous and could subject him to penalties.

## III. Motion To Permit Levy

Finally we consider respondent's motion to permit levy. The effect of granting this motion would be to allow the IRS to levy immediately in an effort to collect petitioner's tax liabilities discussed above, without waiting for the decision in this case to become final.

A taxpayer's request for a CDP hearing automatically suspends the levy process "for the period during which such hearing, and appeals therein, are

---

[5] We will not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984) (per curiam); see also Wnuck v. Commissioner, 136 T.C. 498, 501-513 (2011).

[*17] pending." Sec. 6330(e)(1); sec. 301.6330-1(g)(2), Q&A-G1, Proced. & Admin. Regs. ("The suspension period continues until * * * the expiration of the time for seeking judicial review or upon exhaustion of any rights to appeals following judicial review."). This suspension, however, "shall not apply to a levy action while an appeal is pending if the underlying tax liability is not at issue in the appeal and the court determines that the Secretary has shown good cause not to suspend the levy." Sec. 6330(e)(2); see Burke v. Commissioner, 124 T.C. 189, 196 (2005).

For the reasons stated supra part I.B., petitioner's underlying tax liabilities are not at issue. Accordingly, the sole question is whether respondent has shown "good cause not to suspend the levy" during the appeal process. See sec. 6330(e)(2).

Section 6330 does not include a definition of the term "good cause". We have held, however, that the Commissioner may show good cause that a levy should not be suspended where the taxpayer "used the collection review procedure to espouse frivolous and groundless arguments and otherwise needlessly delay collection." Burke v. Commissioner, 124 T.C. at 196-197.

Respondent has shown that for good cause the levy should not be suspended. Throughout this proceeding, petitioner advanced frivolous arguments

**[*18]** despite numerous warnings not to do so. We therefore find that petitioner has used the collection review procedure to espouse frivolous and groundless arguments and to otherwise delay collection. Under these circumstances, lifting the suspension of the levy is appropriate.

In reaching our holdings, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.